IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>CHRISTOPHER DAUGHERTY | Case No. 21-mj-1465<br>**[UNDER SEAL]** |

**AFFIDAVIT IN SUPPORT OF
A CRIMINAL COMPLAINT & AN ARREST WARRANT**

I, Andrew Ellenberger, Special Agent of the Drug Enforcement Administration (DEA), being first duly sworn, hereby depose and state as follows:

**BACKGROUND**

1. I am a Special Agent of the Drug Enforcement Administration (DEA). I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I was hired by the DEA in September of 2010, and I attended the DEA academy for approximately twenty weeks. At the DEA Academy, I was trained in the various aspects of conducting narcotics investigations. In January 2011, I was sworn as a DEA Special Agent, and I am currently assigned to the DEA Pittsburgh District Office, Pittsburgh, PA.

3. As a DEA Special Agent, I investigate criminal violations of the Federal and State controlled substance laws including, but not limited to, conspiracy and attempt

to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846; possession with intent to distribute, distribution and manufacture of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); and use of communication facilities to facilitate drug trafficking offenses, in violation of Title 21, United States Code, Section 843(b). I have been personally involved in over 100 narcotics investigations, and as such, I am familiar with the various methods used by narcotics traffickers to transport, store, and distribute narcotics and narcotics proceeds. I have experience with a wide range of investigative techniques, including various types of visual and electronic surveillance, the interception of wire communications, and the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, controlled deliveries, use of search and arrest warrants, management and use of informants, pen registers, the laundering and concealing of proceeds from drug trafficking, and the street gangs who participate in these illegal activities.

      4.      The following allegations are based on my personal observations, training, and experience, along with information obtained from other agents, law enforcement personnel, and witnesses. This affidavit is submitted for the limited purpose of establishing probable cause. Accordingly, it does not include every fact known to me in connection with this investigation. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact learned during the course of this investigation. Instead, I have set forth only those facts that I believe are necessary to establish the requisite probable cause. Further, I do not rely upon facts not set forth herein in reaching my conclusion that probable cause exists, nor

do I request that this Court rely upon any facts not set forth herein. I have not, however, omitted any facts that I believe would tend to defeat a finding of probable cause. Whenever I state a belief, this belief is based upon my training and experience, as well as information obtained during this investigation.

5. For the reasons set forth below, there is probable cause to believe that, on or about June 14, 2021, in the Western District of Pennsylvania, Christopher DAUGHERTY, knowingly, intentionally, and unlawfully possessed with the intent to distribute and distributed a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).

## FACTS RELATING TO PROBABLE CAUSE

**I.    Basis of Investigation**

6. On April 20, 2021, I received an anonymous tip that Christopher Daugherty was selling large amounts of heroin and crack cocaine from his residence. I have not spoken directly with the source of the anonymous tip. The tip noted that Mr. Daugherty possessed guns, and the tip explained that Mr. Daugherty was possibly hiding drugs in the back alley of his house, in his backyard, or in his house walls. The tip also noted that Mr. Daugherty had "drug traffic" coming in and out of his house at all times of the day.

7.     On June 9, 2021, I, and others, debriefed a Confidential Source[1] (CS); the CS stated that Mr. Daugherty sold heroin, cocaine, and crack cocaine from his residence.

## II.     The Controlled Purchase

8.     On or about June 14, 2021, at the direction of controlling officers, the CS contacted Mr. Daugherty via text and telephone to arrange to purchase a specific amount of heroin, and Mr. Daugherty agreed. Agents observed the text messages. The CS met with controlling officers for the purpose of conducting a controlled purchase of heroin from Mr. Daugherty. The CS was searched for weapons and contraband, with negative results, and the CS was provided with Official Advance Funds to purchase the heroin and an audio/video recording and transmitting device. Surveillance was established in the area of the Mr. Daugherty's residence, and the CS was transported to that area and dropped off. Surveillance units observed the CS enter the alley behind Mr. Daugherty's residence.

9.     Through the audio/video transmitting device, TFO Randy Grossman observed the CS enter a building, meet with Mr. Daugherty, and discuss drug use. TFO Grossman knew that it was Mr. Daugherty because TFO Grossman observed Mr. Daugherty on the video. TFO Grossman was familiar with Mr. Daugherty through this investigation. A few minutes later, TFO Grossman observed, through the transmitting device, the CS leaving the building.

---

[1] The CS is cooperating with law enforcement in hopes of judicial consideration for prior crimes. The CS has been working with law enforcement since October 2020. The CS has proven to be credible and reliable and much of the information proved by the CS, both in this and other investigations, has been independently corroborated. The CS has a prior misdemeanor conviction for narcotics violations.

10. Moments later, surveillance units observed the CS exit the alley behind the Mr. Daugherty's residence. Surveillance was maintained on the CS until the CS met with controlling officers. The controlling officers then searched and debriefed the CS. The CS gave controlling officers a specific amount of substances, which field tested positive for heroin and methamphetamine. The CS told controlling officers that he/she had purchased the heroin and methamphetamine from Mr. Daugherty at Mr. Daugherty's residence.

## REQUEST TO SEAL

11. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in this matter, including this affidavit. I believe that sealing this document and the other documents is necessary because these papers are relevant to an ongoing investigation into Mr. Daugherty. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

## CONCLUSION

12. In summary, for the reasons set forth above, there is probable cause to believe that, on or about June 14, 2021, in the Western District of Pennsylvania, Christopher DAUGHERTY, knowingly, intentionally, and unlawfully possessed with the intent to distribute and distributed a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).

\* \* \*

The above information is true and correct to the best of my knowledge, information, and belief.

/s/ Andrew Ellenberger
ANDREW ELLENBERGER
Special Agent
Drug Enforcement Administration

Sworn and subscribed to me,
by telephone pursuant to
Fed. R. Crim. P. 4.1(b)(2)(A),
this 15th day of July, 2021.

_____
The Honorable Lisa Pupo Lenihan
United States Magistrate Judge